**CVS ALBANY, LLC, d/b/a CVS, Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent**

**No. 16-1332**
**Consolidated with 16-1379**
**September Term, 2017**

United States Court of Appeals, District of Columbia Circuit.

Filed on: November 27, 2017

Felice B. Ekelman, Daniel Schudroff, Esquire, Jackson Lewis LLP, New York, NY, Joseph Erwin Schuler, Jackson Lewis PC, Reston, VA, for Petitioner

Linda Dreeben, Deputy Associate General Counsel, Molly Sykes, Kira Dellinger Vol, John H. Ferguson, Associate General Counsel, National Labor Relations Board, (NLRB) Appellate and Supreme Court Litigation Branch, Washington, DC, for Respondent

Before: Garland, Chief Judge, Pillard, Circuit Judge, and Sentelle, Senior Circuit Judge.

## JUDGMENT

Per Curiam

This petition for review and cross-application for enforcement were considered on the record from the National Labor Relations Board (NLRB) and on the briefs filed by the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petition for review be denied and the NLRB's cross-application for enforcement be granted.

During a representation election at a CVS store in the Flatbush neighborhood of New York City, a union challenged the voting eligibility of three retail workers who were assigned to stores other than the Flatbush store, but who worked shifts at that store. The sole issue in this case is whether the Board erred in determining that those workers were "floaters" within the meaning of a stipulated agreement defining a voting unit of "[a]ll regular full-time and part-time retail employees, ... but excluding all floaters, seasonal employ-

ees, and pharmacy employees." J.A. 182; *see Associated Milk Producers, Inc. v. NLRB*, 193 F.3d 539, 543-44 (D.C. Cir. 1999) (setting forth a three-pronged test for analyzing stipulated election agreements). In deciding that the voters were floaters, the Board rejected CVS's contention that the term referred only to a class of pharmacists. In so doing, the Board relied largely on the "well-established principle that no part of a contract's language should be construed in such a way as to be superfluous." 364 N.L.R.B. 21, at 2 (2016) (citing Restatement (Second) of Contracts § 203(a)); *see Segar v. Mukasey*, 508 F.3d 16, 22 (D.C. Cir. 2007). That principle, the Board observed, indicated that "floaters" should not be read as a subset of "pharmacy employees." 364 N.L.R.B. 21, at 2.

NLRB did not abuse its discretion in resolving this interpretive ambiguity. *See Hard Rock Holdings, LLC v. NLRB*, 672 F.3d 1117, 1120-21 (D.C. Cir. 2012). Although CVS objects that the principle against superfluity is not always dispositive in contract interpretation, it offers no reason to adopt a different reading of the agreement in this case. CVS attacks the Board for incorrectly weighing extrinsic evidence in interpreting the agreement, but its arguments cannot overcome the deference we give to the Board's findings of fact. *See id.* CVS also contends that, in resolving the ambiguity of the term "floaters," the Board should have considered that the challenged voters were included on the voter list that CVS presented to the union. This court has held, however, that "an employer's placing of a name on such a list does not establish that the parties intended the employee to be included in a stipulated unit." *Id.* at 1123. Finally, CVS points to several NLRB decisions that it maintains conflict with the Board's approach here, but it fails to identify a genuine inconsistency among the

decisions. Accordingly, we reject CVS's petition for review and grant the Board's application to enforce its order.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.